FILED'07 JUL 03 11:23 USDC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ENGINEERED STRUCTURES, INC., | ) |
| Plaintiff, | ) Civ. No. 06-1703-PA |
| | ) |
| v. | ) **ORDER** |
| | ) |
| U.S. DEPARTMENT OF TREASURY - INTERNAL REVENUE SERVICE, et al., | ) |
| Defendants. | ) |

**PANNER, J.:**

Plaintiff Engineered Structures, Inc., a general contractor, brings this interpleader action regarding about funds owing to E-Z Electric, Inc., a subcontractor, for work on the Home Depot project in Phoenix, Oregon. The other claimants to the funds are the IRS and the IBEW 76 Health and Welfare Trust of Southwest Washington.

E-Z Electric has petitioned for bankruptcy relief, and now moves for a stay of this action. I deny the motion.

/ / / /

1 - ORDER

## BACKGROUND

The IRS removed this interpleader action from state court. Plaintiff has tendered a total of about $45,000 to the Clerk of the Court.

On April 2, 2007, E-Z Electric filed its bankruptcy petition.

On June 25, 2007, E-Z Electric moved for a temporary stay of this action under 11 U.S.C. § 362.

## DISCUSSION

A party's ability to seek relief in an interpleader action is not necessarily negated if one of the claimants files a petition in bankruptcy. Rett White Motor Sales Co. v. Wells Fargo Bank, 99 B.R. 12 (N.D. Cal. 1989). In Rett White Motor Sales, an automobile dealership, Dan Young Ford (Ford), brought an action for fraud against Wells Fargo Bank. Wells Fargo responded with a counterclaim in interpleader, seeking to resolve the ownership of funds claimed by the IRS and Ford. Ford then filed a voluntary petition in bankruptcy under Chapter 11, and moved to stay the interpleader action.

The court stated that the scope of the automatic stay, although broad, is limited by its statutory purposes. 99 B.R. at 13. The court concluded that the automatic stay statute, 11 U.S.C. § 362, did not apply to the interpleader action.

The automatic stay applies to actions "against the debtor" or "to recover a claim against the debtor that arose before the commencement of" the bankruptcy case. 11 U.S.C. § 362(a)(1).

2 - ORDER

The court ruled that the interpleader action was not "against" Ford, because Ford, although nominally a defendant, was a claimant.  Wells Fargo made no claim to the funds.

The automatic stay applies to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Id. at § 362(a)(3).  The court ruled that this section did not apply because "the bankrupt party is one of the claimants to the res. The interpleader action will determine whether the funds are actually part of the bankrupt's estate or whether they in fact belong to the I.R.S. or some other claimant." Id. at 14.

The same reasoning applies here.  E-Z Electric has not cited contrary authority.

## CONCLUSION

E-Z Electric's motion for temporary stay (#32) is denied.

IT IS SO ORDERED.

DATED this __3__ day of July, 2007.

_____
OWEN M. PANNER
United States District Judge

3 - ORDER